IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICK COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-cv-0215 |
| ) | |
| CITY OF FRANKLIN ) | Judge Thomas A. Wiseman, Jr. |
| ) | Magistrate Judge Knowles |
| Defendant. ) | |

## ORDER

Plaintiff Rick Cotton brings claims for race and age discrimination under 42 U.S.C. §§ 1981 and 1983,Title VII of the Civil Rights Act of 1964, the Tennessee Human Rights Act ("THRA"), and the Age Discrimination in Employment Act ("ADEA"). Defendant City of Franklin ("City") has now filed a motion for summary judgment (Doc. No. 17) asserting that: (1) Cotton's claim for hostile work environment is barred by the doctrine of *res judicata*; (2) Cotton's race discrimination claim based upon his allegedly being subject to disciplinary action in November 2007 is subject to dismissal because he cannot show that the disciplinary action constitutes a materially adverse employment action; (3) Cotton's retaliation claim based upon the disciplinary action fails because the alleged discipline was not an adverse action of the type that would deter a reasonable employee from making or supporting a charge of discrimination; (4) Cotton's race discrimination claim based upon a failure to promote fails because Cotton cannot establish that the City's legitimate, nondiscriminatory reasons for its action are pretextual; (5) Cotton cannot state a *prima facie* case of age discrimination under the ADEA; and (6) Cotton cannot bring a claim against a municipality under 42 U.S.C. § 1981. To be clear, the motion does not expressly address Cotton's claim of retaliation based upon the City's failure to promote him.

For the reasons set forth in the accompanying Memorandum Opinion, the Court finds that the City is entitled to partial summary judgment in its favor. Specifically, the City has established that it is entitled to summary judgment in its favor on Cotton's claims for (1) age discrimination; (2) race discrimination and retaliation based upon the alleged disciplinary action arising from his leaving his station shorthanded in November 2007; (3) race discrimination based upon the December 2007 failure to promote; and (4) race

discrimination under 42 U.S.C. § 1981.  The motion for summary judgment as to those claims is hereby **GRANTED** and those claims are **DISMISSED**.  The City, however, has failed to establish that it is entitled to summary judgment on Cotton's claims for hostile work environment, or for race discrimination in connection with the failure to promote.  The motion for summary judgment as to those claims is **DENIED**.

This matter remains set for trial to begin October 5, 2010.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge