IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICK COTTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:09-cv-0215 |
| CITY OF FRANKLIN, | ) Judge Thomas A. Wiseman, Jr. |
| Defendant. | ) |

## ORDER

Two claims remaining in this suit after resolution of Defendant's motion for summary judgment were tried to a jury beginning on October 5, 2010. The two claims were for hostile work environment and retaliation in connection with the December 2007 failure to promote Plaintiff. The jury returned a verdict in favor of the Defendant. Plaintiff now brings a motion for a new trial, asserting that the Court committed four errors of law that confused, misled or improperly influenced the jury. Specifically, Plaintiff argues that the Court erred (1) in excluding the testimony of Irma Eichner to the effect that she witnessed Chief Rocky Garzarek refer to Plaintiff and other African-American employees as "niggers" while they pursued complaints through the EEOC; (2) in excluding the testimony of Jason Jones to the effect that he heard Chief Gentry Fox use the word "nigger" when referring to African-American employees on more than one occasion; (3) in excluding as an exhibit an e-mail from Joe Polenzani about the historical derivation of the word "picnic"; and (4) in instructing the jury that the term "causally related" required a finding of "but for" causation rather than a finding that retaliation was a "motivating factor" in the Defendant's employment decision. (Doc. No. 117.) The Court finds as follows with respect to these contentions:

(1) The proposed testimony of Irma Eichner and Jason Jones regarding Chief Garzarek's and Chief Fox's alleged use of the term "nigger" related to events that occurred before August 9, 2007, the date of the Release and Settlement Agreement executed by Plaintiff that released the City of all claims accruing through that date. As a result, the testimony was neither admissible nor relevant to Plaintiff's claim of hostile work environment for the time period after August 9, 2007 or to his retaliation claim relating to the failure to promote him to captain in December 2007.

(2) The exclusion of Joe Polenzani's e-mail was not prejudicial and could not have been construed by any rational juror as racially offensive or harassing. The e-mail simply described the origin of the word "picnic" and refuted an inference that the term was relating to lynching.

(3) The Court finds that the "but for" standard rather than the "motivating factor" standard was the appropriate causation standard to be applied to Plaintiff's retaliation claim. *See Ford v. Gen. Motors Corp.*, 305 F.3d 545, 557 (6th Cir. 2002) (holding that "but for" standard applied to the plaintiff's retaliation claim; citing *Canitia v. Yellow Freight Sys.*, 903 F.2d 1064, 1068 (6th Cir. 1990)). Regardless, Plaintiff appears to have waived this argument by not voicing it when given an opportunity to object to the jury instructions as drafted.

For these reasons, Plaintiff's motion for a new trial is **DENIED**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge